IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LYNN GILDERSLEEVE** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV134 LG-RHW** |
| | § | |
| **HISTORIC RENOVATIONS OF** | § | |
| **YAZOO, INC. and ALAN RAMSAY** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [39] for Partial Summary Judgment filed by the Defendants, Historic Renovations of Yazoo, Inc. and its President, Alan Ramsay. Plaintiff Lynn Gildersleeve has filed her response, and the Defendants have replied. After due consideration of the parties' submissions, it is the Court's opinion that the Defendants have shown that they are entitled to the partial summary judgment they seek. Accordingly, the Defendants' Motion will be granted.

### FACTS

Gildersleeve hired the Defendant, Historic Renovations of Yazoo, Inc., to repair and restore her home in Pass Christian, Mississippi in September 2006, after it had been damaged by Hurricane Katrina. Gildersleeve alleges that she paid Historic the contracted price, but Historic failed and refused to undertake and complete the promised work. She also alleges that the work Historic did complete was substandard, requiring her to hire a new contractor to undo, redo, and finish Historic's work. She makes a claim for breach of contract and seeks compensation from Historic for having to hire another contractor to finish the work.

Gildersleeve also alleges that Historic agreed to apply for a Federal Historic Preservation Hurricane Katrina Relief Grant on her behalf. The application was approved and a Grant of

$149,999 made, but it carried certain conditions. The primary condition was that all work performed and materials used in the home be in compliance with historic preservation guidelines. This agreement was formalized on July 9, 2007, when Gildersleeve executed a "preservation easement" in favor of the Mississippi Department of Archives and History ("MDAH"), to run as a binding servitude with the property for 25 years. Ct. R. 39-4 p.5-12. During the life of the 25-year easement, Gildersleeve was to obtain express written approval of the MDAH before any work, modifications or improvements were made to the property. *Id*. at 6. Gildersleeve alleges that the MDAH is not satisfied that the work on her home was in compliance with historic preservation guidelines, and is requiring her to either undo and remove much of Historic's construction work, or repay the Grant. She seeks indemnification from the Defendants, claiming that their actions breached their agreement to perform work in compliance with historic preservation standards.

## Discussion

The Defendants request partial summary judgment on the issue of whether they have any liability for damages arising from non-conforming work and materials on Gildersleeve's house that did not meet historic preservation standards. Historic argues that there is no evidence that they performed the work the MDAH found noncompliant. Therefore Historic cannot be liable for the any reimbursement owed by Gildersleeve to the MDAH as a result of a breach of the grant agreement.

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994).

According to Ramsay's affidavit, Gildersleeve terminated her agreement with Historic on February 2, 2008. Ct. R. 39-2 p.2. At that time, Historic had substantially completed the home's framing and roof, but had not installed any siding, windows or doors. *Id*. at 2-3. Gildersleeve had not even chosen windows and doors, because she believed all options proposed by Historic were too expensive. *Id.* Historic planned to replace the wooden siding, but construction had not yet reached that phase. *Id*. at 3. On the interior, the only historically significant interior architectural details removed by Historic were some wainscoting and simple cabinets in the dining room area. *Id*. at 3. It stored the usable parts of those items on the property and planned to reuse/rebuild them. *Id.* However, Historic had done nothing with the items before Gildersleeve hired another contractor to continue with the renovation.

Approximately eight months after Gildersleeve discharged Historic, the MDAH notified her by letter that certain unapproved changes to the home were not in compliance with the easement agreement. Specifically, Gildersleeve had installed artificial siding, "new windows of inappropriate materials and configuration," and removed "significant historic interior millwork and architectural detail." Ct. R. 42-4 p.1. The Preservation Officer, Kenneth H. P'Pool, requested that Gildersleeve contact him to discuss the matter. *Id*. at 2. Subsequent communications between P'Pool and Gildersleeve are not recounted here, as they are not relevant to the limited issue of Historic's involvement in the unapproved and noncompliant repair/renovation.

Gildersleeve does not argue or provide any evidence that Historic performed the offending work. Instead, Gildersleeve argues a different issue - that she relied on advice from the Defendants that as long as she had put $149,999 worth of work approved by the MDAH into the house before being awarded the Grant, she did not have to get subsequent approval from the MDAH for any further work. This claim of misrepresentation does not appear in the Complaint. Gildersleeve alleges it is *Defendants'* construction work that must be removed, and if she is required to undo or redo any work performed by *Defendants* or refund any Grant money, she is entitled to a judgment against the Defendants. *See* Compl. 3. As the Defendants have shown that Gildersleeve has no evidence with which to support that claim, they are entitled to judgment as a matter of law. The Defendants have no liability for damages arising from non-conforming work and materials on Gildersleeve's house that they did not perform and subsequently did not meet historic preservation standards.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [39] for Partial Summary Judgment filed by the Defendants, Historic Renovations of Yazoo, Inc. and Alan Ramsay, is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE