IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYNN GILDERSLEEVE | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:09CV134 LG-RHW |
| | § | |
| HISTORIC RENOVATIONS OF | § | |
| YAZOO, INC. and ALAN RAMSAY | § | DEFENDANTS |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL
OR FOR JUDGMENT NOTWITHSTANDING THE VERDICT
OR FOR AN INCREASED VERDICT IN FAVOR OF THE PLAINTIFF**

BEFORE THE COURT is the Motion [65] of Plaintiff Lynn Gildersleeve for New Trial, or in the Alternative for Judgment Notwithstanding the Verdict, or in the Alternative for an Increased Verdict in Favor of Plaintiff. The Defendants filed a response in opposition. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied in all respects.

DISCUSSION

This breach of contract case went to trial by jury on September 7, 2010, and on September 13 the jury returned a verdict in favor of Gildersleeve in the amount of $22,557 on her claims against the Defendant Historic Renovations of Yazoo, Inc. The jury found no liability on the part of the individual defendant, Alan Ramsay. As to Historic Renovations' counterclaim, the jury found against Gildersleeve and awarded $21,509.72. Gildersleeve argues that all of these results were contrary to the evidence, or were the product of jury bias, passion and prejudice.

The evidence produced at trial showed that Lynn Gildersleeve contracted with Historic Renovations to essentially rebuild her house after it was extensively damaged

by Hurricane Katrina. She became unhappy as work progressed, and replaced Historic Renovations with another contractor - Wayne Marie. Mr. Marie modified or rebuilt a substantial amount of the work done by Historic Renovations. Gildersleeve sought damages to compensate her for this additional expense, and Historic Renovations sought damages for certain unpaid invoices.

Gildersleeve argues first that she provided unrebutted proof, in the form of her experts' opinions,[1] that the amount of her loss was $284,430. Thus, in her view, the jury's award of $22,557 was inadequate and against the overwhelming weight of the evidence.

> In a long line of cases [the Fifth Circuit] has consistently emphasized that the granting or denial of a new trial on the ground of excessive (or inadequate) damages is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion.

*Rosiello v. Sellman*, 354 F.2d 219, 219-20 (5th Cir. 1965) (citations and quotation marks omitted). The Fifth Circuit has also stated that:

> [although] it is unusual for the jury to make an award below the amount approximated by expert witnesses ..., we must also recognize that a jury's award is more sacred than an expert's testimony. Although we must give great deference to the jury, the jury need not defer to the experts. We do not require that a jury's award fall within the estimates given by expert testimony. The purpose of expert testimony is to guide the jury.

*Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411-12 (5th Cir. 1989) (internal citations omitted) (upholding award of $15,000 for lost future wages when experts estimated loss between $62,106 and $333,716).

---

[1] Plaintiff's experts were Marie and Cynthia Easterling, an architect.

The jury in this case apparently disagreed with Plaintiff's experts that all of the modifications or repairs Marie advised and performed were necessary because of Historic Renovations' work.  Further, Plaintiff's evidence was contested, as the Defendants provided the testimony of Alan Ramsay as to the reasonableness and necessity of the repairs.  The jury's factual determination of this issue is entitled to the Court's deference and will not be overturned.

Gildersleeve next argues that the jury should have found that Alan Ramsay was liable to her on her breach of contract claim against him personally.  She asserts that "the proof was unrebutted that [Ramsay] lived in the Plaintiff's guest cottage for a year and a half, he communicated with Plaintiff through his personal internet account [ ], and that he personally benefitted through this arrangement."  Thus, the jury could only have found that such a contract existed between herself and Ramsay, personally.

When considering the question of whether Gildersleeve had proven such a contract, the jury was provided with the following instruction regarding agency:

> In other words, you may not find that the Defendant Alan Ramsay entered into a contract with the Plaintiff merely because he was acting as the agent of Historic Renovations of Yazoo, Inc. Instead, you must find that the Plaintiff has proven by a preponderance of the evidence that the Defendant, Alan Ramsay, agreed to be personally bound by the agreement.

The jury heard evidence about the parties' course of dealing and Ramsay's testimony regarding his understanding of the cottage agreement.  The evidence was sufficient to allow the jury to find that Ramsay did not agree to be personally bound by the agreement, and therefore Gildersleeve did not prove breach of contract.

For these reasons, the Court finds no grounds for a new trial, judgment notwithstanding the verdict, or for an increased verdict in favor of the Plaintiff. Her Motion will be denied in all respects.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [65] of Plaintiff Lynn Gildersleeve for New Trial, or in the Alternative for Judgment Notwithstanding the Verdict, or in the Alternative for an Increased Verdict in Favor of Plaintiff, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE